GLADYS M. MICKS, Respondent, *v.* HAROLD EDWARD BOGLE, Appellant, Impleaded with LELAND LEVOY, Respondent.

DUDLEY S. TROMBLY, Respondent, *v.* HAROLD EDWARD BOGLE, Appellant, Impleaded with LELAND LEVOY, Respondent.

CELIA M. COLBURN, as Administratrix, etc., of MILDRED H. MICKS, Deceased, Respondent, *v.* HAROLD EDWARD BOGLE, Appellant, Impleaded with LELAND LEVOY, Respondent.

LELAND LEVOY, Respondent, *v.* HAROLD BOGLE, Appellant.

Third Department, October 6, 1937.

*S. B. Coulter* [*Walter A. Fullerton* of counsel], for the appellant.

*McPhillips, Fitzgerald & McCarthy* [*C. E. Fitzgerald* and *Gerald P. McPhillips* of counsel], for the respondents Gladys M. Micks, Dudley S. Trombly and Celia M. Colburn, as administratrix, etc.

*Paul L. Boyce* [*John W. Miller* of counsel], for the respondent Leland Levoy.

PER CURIAM. Appeal from an order of a Special Term, held with Regular Trial Term, entered in Warren county on September 16, 1937, denying the motion of the defendant Bogle for an order changing the place of trial in each of these actions from Warren county to Saratoga county. Another action was brought by the defendant Bogle against the defendant Levoy in Saratoga county,

and all of these actions have been consolidated for the purpose of trial. The motion to change the place of trial was made for the convenience of witnesses, and because the accident out of which the actions arose occurred in Saratoga county. Each side claims a large number of witnesses who have to attend the trial either at Lake George in Warren county or Ballston Spa in Saratoga county.

The papers supporting the opposing affidavits are artless, and not fully in accord with the common practice in that there is not an adequate showing of the material facts to which the various witnesses will testify. There is less inclination to overlook this weakness in mature lawyers of large experience than in younger practitioners who are expected to be feeling their way to some extent. However, the facts surrounding the accident and appearing in the papers make it evident that there is little choice in the counties as places of trial in so far as the convenience of witnesses is involved. Warren county is a proper county. It does not appear that the ends of justice will be served by changing the place of trial. In the past the place where an accident occurred was given a greater weight of consideration than might be called for today, in adjacent counties. Then travel was difficult with horse-drawn vehicles or unperfected automobiles, over unimproved roads. But with the perfection of the automobile and the improvement of our highways, the convenience of witnesses, and sometimes the ends of justice, have taken on a somewhat different aspect. When the question of convenience of witnesses is under consideration, we may well give due weight to the improvements which serve that convenience. We do not regard the Special Term as having abused its discretion.

The order should be affirmed.

HILL, P. J., RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.